# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 15-625V
Filed: October 22, 2015
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| HOLLY SWENSON, | |
| Petitioner, | Damages Decision Based on Proffer; Tetanus-diphtheria-acellular pertussis ("Tdap"); Shoulder Injury ("SIRVA"); Special Processing Unit ("SPU") |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

* * * * * * * * * * * * * * * * * * * * * * * * *

*Maximillian Muller, Muller Brazil, LLP, Dresher, PA, for petitioner.*
*Darryl Wishard, U.S. Department of Justice, Washington, DC, for respondent.*

### DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On June 18, 2015, Petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] [the "Vaccine Act" or "Program"]. Petitioner alleges that she suffered a shoulder injury caused by her August 21, 2014 Tentanus-diphtheria-acellular pertussis ("Tdap") vaccination. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On October 7, 2015, I issued a ruling on entitlement, finding petitioner entitled to compensation for a shoulder injury related to vaccine administration ("SIRVA"). On October 22, 2015, respondent filed a proffer on award of compensation ["Proffer"] indicating petitioner should be awarded $113,832.20. Proffer at 1.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Pursuant to the terms stated in the attached Proffer, **I award petitioner a lump sum payment of $113,832.20 in the form of a check payable to petitioner, Holly Swenson.** This amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| HOLLY SWENSON, ) | |
| ) | |
| Petitioner, ) | No. 15-625V  ECF |
| ) | |
| v. ) | Chief Special Master Dorsey |
| ) | |
| SECRETARY OF HEALTH ) | |
| AND HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |

## PROFFER ON AWARD OF COMPENSATION[1]

**I.   Procedural History**

On June 18, 2015, Holly Swenson ("petitioner") filed a petition for compensation ("Petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34, *as amended*.  Petitioner alleges that as a result of receiving the tetanus-diphtheria-acellular pertussis ("Tdap") vaccine on August 21, 2014, she suffered a shoulder injury related to vaccine administration ("SIRVA") in her left shoulder that was caused-in-fact by her vaccination.

On October 7, 2015, respondent filed her Vaccine Rule 4(c) report, conceding causation-in-fact for petitioner's SIRVA.  On October 7, 2015, the Chief Special Master issued a ruling on entitlement, finding that petitioner was entitled to compensation for a SIRVA caused by the Tdap vaccine.

**II.   Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioner should be awarded $113,832.20, which represents all elements of compensation to which petitioner would be

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to discuss after the Damages Decision is issued.

entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

## III.    Form of the Award

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment of $113,832.20, in the form of a check payable to petitioner.[2] Petitioner agrees.

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

GLENN A. MACLEOD
Senior Trial Counsel
Torts Branch, Civil Division

*/s/Darryl R. Wishard*
DARRYL R. WISHARD
Senior Trial Attorney
Torts Branch, Civil Division
U. S. Department of Justice
P.O. Box l46, Benjamin Franklin Station
Washington, D.C.  20044-0146
Direct dial: (202) 616-4357
Fax: (202) 616-4310

Dated:  October 22, 2015

---

[2] Should petitioner die prior to entry of judgment, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering, and the parties reserve the right to move the Court for appropriate relief.